UNITED STATES DISTRICT COURT
for the
DISTRICT OF COLORADO

Civil Action No.

**UNITED STATES OF AMERICA ex rel
BENNETT CONTRACT GLAZING, INC.,**

Plaintiff,

v.

**BIG-D CONSTRUCTION CORP., a Utah corporation, FIDELITY & DEPOSIT COMPANY OF MARYLAND, a Maryland corporation ZURICH AMERICAN INSURANCE COMPANY, a New York corporation, and CREATIVE TIMES DAYSCHOOL, INC. dba CREATIVE TIMES, INC., a Utah corporation**

Defendants.

---

## COMPLAINT

---

Use Plaintiff, Bennett Contract Glazing, Inc., through its attorneys, Matthew J. Ninneman and Matthew B. Aguero of Godin & Baity, LLC, brings this case pursuant to the "Miller Act", 40 U.S.C. 3131 *et. seq.*, and for its Complaint against the Defendants states and alleges as follows:

### I. PARTIES

1. Use Plaintiff, Bennett Contract Glazing, Inc. (hereinafter referred to as "Plaintiff") is a Utah corporation whose principal place of business is located at 203 W. Utopia Ave., Salt Lake City, UT 84126.

2. Defendant Fidelity & Deposit Company of Maryland (hereinafter referred to as "Fidelity") is a Maryland corporation qualified to do business and is doing business as a

corporate surety in the State of Colorado, whose principal place of business is located at 7 St. Paul Street, Suite 1600, Baltimore, MD 21202.

3. Defendant Zurich American Insurance Company (hereinafter referred to as "Zurich") is a New York corporation qualified to do business and is doing business as a corporate surety in the State of Colorado, whose principal place of business is located at One Liberty Plaza, 165 Broadway, 32nd Floor, New York, NY 10006.

4. Defendant Big-D Construction Corp. (hereinafter to referred to as "Big-D") is a Utah corporation whose principal place of business is located at 404 West 400 South, Salt Lake City, UT 84101.

5. Creative Times Dayschool, Inc. dba Creative Times, Inc. (hereinafter to referred to as "Creative") is a Utah corporation whose principal place of business is located at 2878 Commerce Way, Ogden, UT 84401.

## II. JURISDICTION AND VENUE

6. Jurisdiction in the United States District Courts is authorized pursuant to 28 U.S.C. 1331 and 40 U.S.C. 3133 under the Miller Act.

7. Venue in the United States District Court for the District of Colorado is proper pursuant to 28 U.S.C. 1331(b)(2) and 40 U.S.C. 3133(3)(B) as the Federal construction project and the contracts giving rise to this suit were performed within the State of Colorado.

## III. GENERAL ALLEGATIONS

8. This case arises out of Big-D's failure to pay Plaintiff for labor, work, services, and materials supplied by Plaintiff which were incorporated into the construction of

improvements and prosecution of work on a Federal construction project known as the Fort Carson Physical Fitness Facility at Fort Carson, Colorado (the "Project").

9. In July 2009, Creative entered into a "prime contract" with the United States of America, acting by and through the FAR Secretariat (MVR), Federal Acquisition Policy Division, GSA, Washington, DC 20405, for the construction of additions, alteration, or repairs to a public building on the Project under Contract Nos. W9123F-09-0024, W9128F-09-C-0024 and/or W9128F-09-R-0043. The prime contract was for an amount greater than $100,000.00.

10. On July 27, 2009, Creative, as principal, and Fidelity and Zurich, as sureties, executed and delivered to the United States a Payment Bond No. 08958043 (the "Bond") relating to the Project. Said Bond with a penal sum of $23,395,008.00 was executed pursuant to 40 U.S.C. 3131(b)(2) for the protection of all persons supplying labor and material on the Project. A true and correct copy of the Bond is attached hereto and incorporated herein as **Exhibit 1**.

11. On January 3, 2011, Big-D entered into a Subcontract with Plaintiff related to the Project.

12. Plaintiff had no obligations to Big-D related to the Project until January 3, 2011.

13. In the performance of its Subcontract, Plaintiff furnished labor, materials, work and services for the prosecution of work on the Project.

14. Among other things, Plaintiff furnished windows to the Project, but Big-D breached its obligations related to the said windows.

15. Plaintiff had a direct contractual relationship with Big-D, a subcontractor to Creative, and to whom Plaintiff supplied materials in the prosecution of the work provided for by the prime contract.

16. Within ninety (90) days from the date on which Plaintiff last supplied labor or material for the Project, Plaintiff gave written notice to Fidelity, Zurich, Big-D and Creative that Plaintiff was making claim in the sum of $678,365.00, for such labor and material it had supplied to Big-D in the prosecution of the Project.

17. Plaintiff has fully performed pursuant to all terms and conditions of its agreement with and obligations to Big-D.

18. Big-D guaranteed the rough opening dimensions for Plaintiff's windows, work and materials on the Project.

19. Big-D agreed to strike from the Subcontract any obligation of Plaintiff to take "field measurements or dimension verify".

20. Big-D agreed that Plaintiff did not guarantee any engineering work, architectural work or the technical qualifications of the Architect or Engineer for the Project.

21. Big D agreed to give Plaintiff guaranteed sizes for Plaintiff's windows.

22. Big-D agreed to construct the structural elements to support the windows installed by Plaintiff on the Project.

23. Big-D was obligated to pay Plaintiff, at the latest, within 10 days of receiving payment for Plaintiff's work.

24. Big-D has been paid by Creative or the Owner for a portion of Plaintiff's work, which payment Big-D has not passed on to Plaintiff.

25. Big-D negligently and improperly prepared for on and/or incomplete architectural drawings for the Project which were presented to Plaintiff and caused Plaintiff to incur further damages.

26. Big-D failed to properly direct and sequence the work on the Project which negatively affected the ability of Plaintiff to perform its scope of work in the manner originally contemplated, and disrupted Plaintiff's efforts.

27. The improper sequencing, directing and scheduling of work by Big-D adversely impacted Plaintiff's ability to complete the Project within the original term of the Subcontract, cost of performing the Subcontract, and Plaintiff's planned production

28. Big-D breached the obligations and agreements identified above and numerous other obligations owed to Plaintiff.

29. Big-D has admitted that some of the window openings were constructed incorrectly.

30. Big-D has admitted that some of the window openings were improperly sized by Big-D.

31. Under the Subcontract Big-D agreed that any changes or additions necessitating alterations or extra labor and/or material by Plaintiff not included in Plaintiff's original proposal shall be charged on either a lump sum basis (with breakdown of material, labor, equipment costs, other costs and markup) if quoted prior to the commencement of extra work, or on a time and material basis plus overhead and profit.

32. Plaintiff has demanded payment of its claim from Big-D, Creative, Fidelity and Zurich, but all have failed to make payment.

33. In actuality, Plaintiff's claim for labor, material and other damages has increased beyond the sum of $678,365.00 mentioned in Paragraph 15 above.

34. This civil action is commenced more than ninety (90) days, but no later than one (1) year after Plaintiff supplied the last of its labor and materials for the Project.

### IV. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
(Action on Bond - against Fidelity & Deposit Company Of Maryland and Zurich American Insurance Company)

35. Plaintiff hereby incorporates by reference all of the other paragraphs of its Complaint as if fully set forth herein.

36. Fidelity and Zurich, as sureties, are liable to Plaintiff pursuant to the terms of the Bond and 40 U.S.C. 3131 *et. seq.*

37. Plaintiff is owed of $678,365.00, plus additional amounts for its labor and materials supplied on the Project.

WHEREFORE, Plaintiff prays for judgment against the Fidelity & Deposit Company of Maryland and Zurich American Insurance Company in the amount of $678,365.00, plus additional amounts due and owing, together with interest, reasonable attorney fees, costs and such other and further relief that the Court may deem just and proper.

### SECOND CLAIM FOR RELIEF
(Breach of Contract against Big-D Construction Corp.)

38. Plaintiff hereby incorporates by reference all of the other paragraphs of its Complaint as if fully set forth herein.

39. Plaintiff supplied all of the labor, materials, work and services required of Plaintiff under Plaintiff's Subcontract on the Project.

40. Big-D agreed to pay Plaintiff all monies coming due to Plaintiff under the Subcontract, but has failed to pay.

41. Big-D had duties under the Subcontract to cooperate with Plaintiff, not interfere with Plaintiff, and act in good faith, and Big-D also breached each of these duties.

42. Big-D's breach of the Subcontract, acts and omissions caused serious impacts upon Plaintiff's manpower, coordination, work flow, equipment costs, labor costs, fabrication costs and other costs.

43. Big-D's breach of the Subcontract, acts and omissions caused Plaintiff to re-mobilize, to accelerate work, at times, and decelerate work, at other times, driving up the costs and damages for which Big-D is liable to Plaintiff.

44. Big-D's breach of the Subcontract, acts and omissions caused Plaintiff to incur liabilities or potential liabilities to third parties, including, but not limited to, Guarantee Company of North America, for which Big-D is responsible and legally liable.

45. Big-D's breach of the Subcontract, acts and omissions has caused Plaintiff to lose profits, opportunities, overhead, efficiencies, and generally impacted Plaintiff's work on the Project in a negative and damaging manner.

46. Big-D's breach of the Subcontract, acts and omissions caused disruptions and delays to Plaintiff's work, for which Big-D is liable.

47. In addition to the above sums, Plaintiff is owed reasonable attorney fees and costs.

WHEREFORE, Plaintiff prays for judgment in its favor and against Defendant Big-D Construction Corp. on its claim for breach of contract in an amount to be proven at trial, together with interest as provided by law, reasonable attorney fees, costs and such other and further relief that the Court may deem just and proper.

## THIRD CLAIM FOR RELIEF
### (Equitable Adjustment of Subcontract Amount)

48. Plaintiff hereby incorporates by reference all of the other paragraphs of its Complaint as if fully set forth herein.

49. Pursuant to the Subcontract, Plaintiff submitted various requests for changes to address the requested changes of work and unexpected conditions encountered

50. Big-D has not properly responded to Plaintiff's requests for change orders, and has not properly approved change orders.

51. Plaintiff has not been compensated for the additional work, labor, services and materials which it provided to the Project, and the various additional costs and losses that Plaintiff incurred.

52. To the extent that a specific, determinable amount of relief is not set forth by the Subcontract, Plaintiff is entitled to an equitable adjustment of the Subcontract amount increasing the compensation owed by Big-D to Plaintiff.

WHEREFORE, Plaintiff prays for judgment in its favor and against Defendant Big-D Construction Corp. on its claim for equitable adjustment of contract amount in an amount to be proven at trial, together with interest as provided by law, reasonable attorney fees, costs and such other and further relief that the Court may deem just and proper.

## FOURTH CLAIM FOR RELIEF
### (Implied Contract/Unjust Enrichment/Quantum Meruit- against Big-D)

53. Plaintiff hereby incorporates by reference all of the other paragraphs of its Complaint as if fully set forth herein.

54. Plaintiff, at the request of Big-D supplied labor, materials, services, and work which were used on the Project.

55. There were substantial changes to the scope of Plaintiff's portion of the Project which were not originally contemplated by Plaintiff and Big-D.

56. The effect of those changes has caused a substantial loss to Plaintiff.

57. The labor, materials, services and work supplied by Plaintiff which were used on the Project conferred a benefit upon Big-D.

58. Big-D appreciated the benefit conferred by Plaintiff.

59. Big-D accepted and retained the benefit of Plaintiff's labor, materials, services and work used on the Project.

60. Big-D knew that Plaintiff expected to be paid for the labor, materials, work and services that Plaintiff supplied for the Project.

61. Big-D has failed to pay to Plaintiff for the labor, materials, work and services that Plaintiff supplied for the Project despite Plaintiff's demand for payment.

62. As a result of the foregoing, Big-D has been unjustly enriched at the expense of Plaintiff.

63. Under the above circumstances, it is inequitable for Big-D to retain the benefit conferred by Plaintiff without paying Plaintiff.

64. Big-D is liable to Plaintiff on theories of implied contract, unjust enrichment and quantum meruit.

WHEREFORE, Plaintiff Corporation prays for judgment in its favor and against Big-D Construction Corp. in an amount to be proven at trial, together with interest as provided by law,

reasonable attorney fees, costs and such other further relief that the Court may deem just and proper.

### FIFTH CLAIM FOR RELIEF
### (Open Account - against Big-D Construction Corp.)

65. Plaintiff hereby incorporates by reference all of the other paragraphs of its Complaint as if fully set forth herein.

66. Plaintiff supplied to Big-D at the Project jobsite the labor, services, goods and materials that Big-D ordered to be used on the Project.

67. Plaintiff opened an account and kept a record of Big-D's account.

68. Big-D was aware Plaintiff kept records of the said account.

69. Big-D is indebted to Plaintiff for labor, services, materials and goods sold and delivered by Plaintiff, plus interest, and reasonable attorney fees and costs.

70. The monies owed to Plaintiff by Big-D remain past due and unpaid despite demands therefor.

WHEREFORE, Plaintiff Contract Glazing, Inc. prays for judgment in its favor and against Defendant Big-D Construction, Corp. on its claim on open account in an amount to be proven at trial, together with interest, reasonable attorney fees, costs and such other and further relief that the Court may deem just and proper.

Dated this 22nd day of February, 2013.

Respectfully submitted,

s/ Matthew J. Ninneman
_____
Matthew J. Ninneman
Matthew B. Aguero
GODIN & BAITY, LLC
1050 Seventeenth St., Suite 1610
Denver, CO 80265
Telephone: (303) 572-3100
mninneman@godinbaity.com
maguero@godinbaity.com
*Attorneys for Use Plaintiff*

Address of Use Plaintiff:
203 W. Utopia Ave.,
Salt Lake City, UT 84126

11